ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

RANDY MILLER and
CHAD MILLER,

Defendants.

**SUPERSEDING INFORMATION**

S1 25 Cr. 138 (LAK)

## COUNT ONE
### (Securities Fraud)

The United States Attorney charges:

1.  From at least in or about November 2019 through in or about May 2023, in the Southern District of New York and elsewhere, RANDY MILLER and CHAD MILLER, the defendants, willfully and knowingly, directly and indirectly, by the use of means and instruments of transportation and communication in interstate commerce and of the mails, in connection with the offer and sale of a security: (a) employed a device, scheme, and artifice to defraud; (b) obtained money and property by means of making an untrue statement of material fact and omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaged in a transaction, practice, and course of business which operated and would operate as a fraud and deceit upon a purchaser, to wit, RANDY MILLER and CHAD MILLER made false and misleading statements to prospective investors in the Legacy Park municipal bond offering about Legacy Park's anticipated customers, its projected revenue, its financial feasibility, and the use of bond sale proceeds.

(Title 15, United States Code, Sections 77q(a) and 77x; and
Title 18, United States Code, Section 2.)

## COUNT TWO
### (Wire Fraud)

The United States Attorney further charges:

2.  From at least in or about November 2019 through in or about May 2023, in the Southern District of New York and elsewhere, RANDY MILLER and CHAD MILLER, the defendants, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, RANDY MILLER and CHAD MILLER engaged in a scheme to obtain money from investors by means of false and misleading statements about Legacy Park's anticipated customers, its projected revenue, its financial feasibility, and the use of bond sale proceeds, and in furtherance of that scheme used interstate wires, some of which transited to, from, or through the Southern District of New York.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT THREE
### (Aggravated Identity Theft)

The United States Attorney further charges:

3.  From at least in or about November 2019 through at least in or about May 2023, in the Southern District of New York and elsewhere, RANDY MILLER and CHAD MILLER, the defendants, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, RANDY MILLER and CHAD MILLER, during and in relation to the wire fraud violations charged in Count Two of this Information, created

forged documents bearing the names and signatures of real persons that the defendants used to promote Legacy Park and to secure bond financing for the Legacy Park project.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2.)

## FORFEITURE ALLEGATIONS

4.  As a result of committing the offenses charged in Counts One and Two of this Information, RANDY MILLER and CHAD MILLER, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

### Substitute Assets Provision

5.  If any of the above-described forfeitable property, as a result of any act or omission by the defendants:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

>(Title 18, United States Code, Section 981(a)(1)(C);
>Title 21, United States Code, Section 853(p);
>Title 28, United States Code, Section 2461.)

*/s/ Jay Clayton*
JAY CLAYTON
United States Attorney